UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICO FILADELFO PEREZ-PEREZ,

        Petitioner,

v.

ROBERT LYNCH, et al.,

        Respondents.

                            /

Case No. 2:25-cv-10872

HONORABLE STEPHEN J. MURPHY, III

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1]</u>**

Roderico Filadelfo Perez-Perez petitioned for a writ of habeas corpus and challenged his detention by Immigration Customs Enforcement (ICE) at the Monroe County Jail. ECF No. 1; ECF No. 6-1, PageID.46. Because Perez's[1] detention is lawful, the Court will deny the petition.

**BACKGROUND**[2]

Perez is a citizen of Guatemala who illegally entered the United States in 2000. Following Perez's 2019 conviction for driving under the influence of alcohol, the Department of Homeland Security detained him. In January 2020, an immigration judge denied Perez's request for a custody redetermination and found that he was a "danger to the persons and property of the United States pursuant to 8 U.S.C.

---

[1] Both the Sixth Circuit and Roderico Filadelfo Perez-Perez's attorney refer to him as "Perez." The Court will do so as well.
[2] Unless otherwise noted, the Court takes the following facts from the Sixth Circuit's recent opinion staying Perez's removal. *Perez-Perez v. Bondi*, No. 25-3146, 2025 U.S. App. LEXIS 7056, at *1–5 (6th Cir. Mar. 26, 2025).

§ 1226(a)." ECF No. 6-1, PageID.44. Soon thereafter, Perez conceded removability and applied for cancellation of removal. *Id.* He argued that removal would work an "exceptional and extremely unusual hardship" on his 17-year-old daughter who is an American citizen. On April 24, 2020, an immigration judge granted the cancellation pursuant to 8 U.S.C. § 1229b(b)(1)(D). The Government appealed, and Perez remained in detention until May 9, 2020, when a federal judge ordered ICE to release Perez because of COVID-19. *Perez-Perez v. Adducci*, 459 F. Supp. 3d 918, 931 (E.D. Mich. 2020), *vacated*, No. 20-10833, 2021 WL 6881063 (E.D. Mich. Sept. 22, 2021).

Five years later, the Board of Immigration Appeals (BIA) vacated the immigration judge's cancellation of removal and ordered Perez removed to Guatemala. ECF No. 6-1, PageID.46. Because Perez's daughter is now 22, the Board held that she is outside the scope of § 1229b(b)(1)(D) and that Perez was statutorily ineligible for cancellation of removal.

Perez appealed the BIA's administratively final order of removal to the Sixth Circuit. Meanwhile, on March 25, 2025, Perez was detained in furtherance of the removal order. *Id.* The Government told Perez that he would be deported imminently, so he asked to stay his removal pending his appeal. On March 26, the Sixth Circuit granted the stay and found that Perez had demonstrated a likelihood of success on the merits of his appeal.

Two days later, Perez filed his habeas petition under 28 U.S.C. § 2241. ECF No. 1. He asked the Court to issue an order "declaring his detention unlawful and ordering Respondents to release Mr. Perez from their custody immediately." *Id.* at

2

PageID.3. The Government promptly responded and argued that Perez was lawfully detained pursuant to 8 U.S.C. § 1226(a). ECF No. 6, PageID.40. On April 9, 2025, the Court held a hearing on the petition.[3]

## LEGAL STANDARD

28 U.S.C. § 2241 extends habeas relief to any person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal." *Jiang Lu v. U.S. ICE*, 22 F. Supp. 3d 839, 841 (N.D. Ohio 2014) (citing *Demore v. Kim,* 538 U.S. 510, 517–18 (2003)).

## BACKGROUND

The sole question before the Court is the lawfulness of Perez's detention following the stay of his removal. Perez argued that his detention violated the Immigration and Nationality Act (INA) and the United States Constitution. ECF No. 1, PageID.6–7.

I.   Lawfulness of Detention Under the INA

First, the Court will address the lawfulness of Perez's detention under the INA. As aliens proceed through the immigration system, the statutory scheme governing their detention changes. *See Cuello v. Adduci*, No. 10-13641, 2010 WL 4226688, at *2 (E.D. Mich. Oct. 21, 2010) (explaining shifting statutory scheme).

---

[3] Although Perez was represented by counsel, he cited no caselaw in his petition or at oral argument.

At first, 8 U.S.C. § 1226(a) governs detention during removal proceedings. It provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Before a decision on removal, the Attorney General "may continue to detain the arrested alien." *Id.* § 1226(a)(1).

Once removal proceedings are finalized, however, authority to detain comes from 8 U.S.C. § 1231. That law commands that, "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Where an alien's removal order is judicially reviewed and a court stays removal, the removal period does not start until *after* the Court issues a final order. *Id.* § 1231(a)(1)(B)(ii); *Hechavarria v. Sessions*, 891 F.3d 49, 56 (2d Cir. 2018), *as amended* (May 22, 2018) ("Section 1231 does not govern the detention of immigrants whose removal has been stayed pending judicial review.").

Here, the parties agree that the Government currently lacks authority to detain Perez under § 1231. On February 21, 2025, Perez's order of removal became administratively final, which triggered his mandatory detention under § 1231. But that circumstance changed when the Sixth Circuit entered a stay, which took Perez out of the removal period and out of the confines of § 1231. *See id.*; *Cuello*, 2010 WL 4226688 at *3 (holding that § 1231 did not authorize detention of a petitioner who was subject to an administratively final removal order that was on appeal but whose deportation had been stayed).

4

To lawfully detain Perez, the Court must therefore look to § 1226(a), which allows the Government to detain Perez "during the time between the administratively final order of removal and the removal period." *Id.* at *4; *Hechavarria*, 891 F.3d at 57 ("Broadly speaking, section 1226 governs the detention of immigrants who are not immediately deportable.").

At oral argument, Perez contended that the Government needs to obtain another arrest warrant to detain him under § 1226(a). Although § 1226(a) requires a warrant, the Government already obtained one, which Perez recognized at oral argument. Still, Perez argued that the old warrant did not satisfy the requirements of § 1226(a). But he offered no argument for why he should get more procedural protections—*i.e.*, a second warrant—than what § 1226(a) requires. Here, the Government already obtained a warrant, Perez conceded that he is removable, and the BIA entered an administratively final order of removal, so it makes little sense to add on extra procedural protections.

In addition, Perez's detention on March 25, 2025 was not obtained pursuant to § 1226(a)—it was instead authorized pursuant to § 1231, which does not require a warrant. And so, on March 26, 2025, when the Government's authority to detain Perez shifted from § 1231 to § 1226(a), Perez was *already* in detention. The legality of his detention did not change. Rather, what changed was whether Perez's detention was permissive or mandatory. Today, because his detention is no longer mandatory pursuant to § 1231, Perez can apply for a custody redetermination pursuant to 8 CFR

5

236.1(d).[4] But nothing requires the Government to get another warrant for someone who was already detained pursuant to an administratively final order of removal under § 1331.

For all of these reasons, the Court finds that Perez's detention does not violate the Immigration and Nationality Act, and that the Government does not need to secure another warrant for his detention.

II.  Lawfulness of Detention Under the Constitution

At this point, the Court would normally address Perez's second argument—that his detention violates the Constitution. But Perez did not develop, either in his petition or at oral argument, any specific argument for *why* his detention violates the Constitution. The Court need not consider unsupported, perfunctory arguments by litigants who are represented by counsel. *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Layne,* 192 F.3d 556, 566 (6th Cir.1999)). And so, the Court finds that Perez waived any constitutional arguments by failing to develop them in his brief or at oral argument.[5]

---

[4] At oral argument, the Government represented that the detained docket is prioritized for custody redeterminations, and that Perez could expect a bond hearing within approximately seven to ten days after requesting a custody redetermination.
[5] Even if the Court assumed that prolonged detention under § 1226(a) could violate due process in some situations, *see generally Hernandez-Lara v. Lyons*, 10 F.4th 19, 57 (1st Cir. 2021) (Lynch, J., dissenting), Perez has not been detained for a prolonged period of time.

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: April 17, 2025